UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DONNA MATVEJS and
VALERIE MATVEJS,

Plaintiffs,

vs.

MARTIN COUNTY SHERIFF'S OFFICE,
SHERIFF ROBERT L. CROWDER and
SHERIFF ANDY SCOTT KURITZ

Defendant.

_____/

# 06-14133

## CIV-GRAHAM

MAGISTRATE JUDGE
LYNCH

NIGHT BOX
FILED

MAY 18 2006

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## NOTICE OF REMOVAL

The Defendants, MARTIN COUNTY SHERIFF'S OFFICE, SHERIFF ROBERT L.

CROWDER and DEPUTY SHERIFF ANDY SCOTT KURITZ, through their undersigned

attorneys, pursuant to Title 28 U.S.C. §1441, hereby file this Notice of Removal of this

action from the Circuit Court of the Nineteenth Judicial Circuit, in and for Martin County,

Florida, where the same is now pending as Case No. 06-302 CA to the United States

District Court, Southern District of Florida, and in support thereof would allege as follows:

1.      That on or about April 10, 2006, Plaintiffs, DONNA MATVEJS and VALERIE

MATVEJS, filed a Complaint upon which this action is based in the Circuit Court of the

Nineteenth Judicial Circuit, in and for Martin County, Florida. Summonses were issued and

served upon the Defendants on April 20, 2006.

2.      That attached hereto as Composite Exhibit "A," and by reference made a part

hereof, are copies of all filings as contained in this cause pending before the Circuit Court

of the Nineteenth Judicial Circuit in and for Martin County, Florida, as above-styled and

-1-



numbered.

3.      That the said action in the Circuit Court is a civil action stating a claim which is removable, as it appears from the record attached hereto as Composite Exhibit "A". Specifically, Count III of Plaintiffs' "Complaint for Wrongful Shooting of Ceviche", entitled, "Violation of Civil Rights (42 U.S.C. §1983)", Plaintiffs seek damages on claims that their civil rights were allegedly violated. In Count IV, entitled, "Denial of Plaintiffs' Procedural Due Process in Violation of 42 U.S.C. 1983 by all Defendants", Plaintiffs seek damages on claims that their civil rights were allegedly violated. In Count V, entitled, "Denial of Plaintiffs' 4th Amendment Rights Against Unreasonable Search and Seizure in Violation of 42 U.S.C. 1983", Plaintiffs seek damages on claims that their civil rights were allegedly violated. These Defendants, who are named as Defendants in Counts III, IV, and V, which counts seek damages on claimed violations of civil rights, desire a federal forum with respect to such claims predicated upon Title 42 U.S.C. §1983 and/or violations of the U.S. Constitution.

4.      That the said claims for relief predicated upon Title 42 U.S.C. §1983 are claims for which this Court has original jurisdiction pursuant to Title 28 U.S.C. §§1331 and 1343(a)(3) and this cause is therefore properly removable pursuant to Title 28 U.S.C. §1441.

5.      That the Complaint in the above state court action also contains state tort claims stemming from the same nucleus of operative fact which are alleged to constitute a violation of the Plaintiffs' civil rights under the United States Constitution. The state tort claims are removable pursuant to Title 28 U.S.C. § 1441(c).

6.      That all defendants consent to and join in the removal of this matter.

WHEREFORE, the Defendant, MARTIN COUNTY SHERIFF'S OFFICE, SHERIFF ROBERT L. CROWDER and DEPUTY SHERIFF ANDY SCOTT KURITZ, respectfully requests that this matter be removed and that this Honorable Court grant such other further and additional relief as may otherwise be proper.

I HEREBY CERTIFY that a copy of the foregoing was mailed this __19th__ day of May, 2006, to: BARRY M. SILVER, Esquire, Attorney for Plaintiffs, 1200 South Rogers Circle, Suite 8, Boca Raton, Florida 33487.

> PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
> Attorneys for Defendants
> 2455 East Sunrise Blvd., Suite 1216
> Fort Lauderdale, Florida 33304
> Telephone (954) 462-3200
> Telecopier (954) 462-3861
>
> BY: _____
>      SUMMER M. BARRANCO
>      Florida Bar No. 984663

# EXHIBIT A

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

DONNA MATVEJS and
VALERIE MATVEJS

      Plaintiffs,

vs.

*D6-308CA*

**CIVIL ACTION SUMMONS**

MARTIN COUNTY SHERIFF'S
OFFICE, SHERIFF ROBERT L. CROWDER and
SHERIFF ANDY SCOTT KURITZ

JUDGE ROBERT R. MAKEMSON

      Defendant.

_____/

**THE STATE OF FLORIDA:**

To each Sheriff of Said State:

**YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the Complaint and Interrogatories in this action on defendant:

    **SHERIFF ROBERT L. CROWDER**

    **By Serving:**

    **Desk Sargeant**
    **MARTIN COUNTY SHERIFF'S OFFICE**
    **800 S.E. Monteray Road**
    **Stuart, Florida 34994**
    **772-220-7002**

REC 4-18-06 SER 4-20-06
SERVED TO: Sgt. Paul Daniel D/S
TIME: 240/PM
FRANK LODICO, CPS 96-87
Certified in the 19th Circuit

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit:

whose address is:

    BARRY M. SILVER, ESQ.
    1200 S. Rogers Circle, Suite 8
    Boca Raton, Florida 33487
    561-488-4676

within 45 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON _____4/10_____, 2006.

MARSHA EWING

**Clerk of the Court**

S/BY LEVI JOHNSON



NOTICE TO PERSONS WITH DISABILITIES
if you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Clerk of Court's Administration Division, 100 E. Ocean Blvd., Ste. 200, Stuart, FL 34994, 772-288-5576 within 2 working days of your receipt of this document. If you are hearing or voice impaired, call 1-800-955-8771

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

DONNA MATVEJS and
VALERIE MATVEJS

*06-302-CA*

JUDGE ROBERT R. MAKEMSON

   Plaintiffs,

vs.                                             **CIVIL ACTION SUMMONS**

MARTIN COUNTY SHERIFF'S
OFFICE, SHERIFF ROBERT L. CROWDER and
SHERIFF ANDY SCOTT KURITZ

   Defendant.
_____/

REC 4-18-06 SER 4-20-06
SERVED TO: Sgt. Paul Daniel
TIME: 848 AM
FRANK LODICO, CPS 96-87
Certified in the 19th Circuit

**THE STATE OF FLORIDA:**

To each Sheriff of Said State:

**YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the complaint
and Interrogatories  in this action on defendant:

        MARTIN COUNTY SHERIFF'S OFFICE
        800 S.E. Monteray Road
        Stuart, Florida 34994
        772-220-7002

Each defendant is required to serve written defenses to the complaint or petition on
Plaintiff's attorney, to wit:

                    BARRY M. SILVER, ESQ.
whose address is:   1200 S. Rogers Circle, Suite 8
                    Boca Raton, Florida 33487
                    561-488-4676

within 45 days after service of this summons on that defendant, exclusive of the day of
service, and to file the original of the defenses with the clerk of this court either before
service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a
default will be entered against that defendant for the relief demanded in the complaint
or petition.

DATED ON _____4/10_____, 2006.    MARSHA EWING

                                        **Clerk of the Court**

                                        s/s LEVI JOHNSON
                                        By:_____

NOTICE TO PERSONS WITH DISABILITIES
if you are a person with a disability who needs any accommoda-
tion in order to participate in this proceeding, you are entitled, at
no cost to you, to the provision of certain assistance. Please con-
tact Clerk of Court's Administration Division, 100 E. Ocean Blvd.,
Ste. 200, Stuart, FL 34994, 772-288-5576 within 2 working days
of your receipt of this document. If you are hearing or voice impaired,
call 1-800-955-8771

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

DONNA MATVEJS and
VALERIE MATVEJS

     Plaintiffs,

vs.

MARTIN COUNTY SHERIFF'S
OFFICE, SHERIFF ROBERT L. CROWDER and
SHERIFF ANDY SCOTT KURITZ

     Defendant.
_____/

*Db-308CA*

**CIVIL ACTION SUMMONS**

JUDGE ROBERT R. MAKEMSON

**THE STATE OF FLORIDA:**

To each Sheriff of Said State:

**YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the Complaint and Interrogatories in this action on defendant:

     **SHERIFF ANDY SCOTT KURITZ**

     **By Serving:**

     **Desk Sargeant**
     **MARTIN COUNTY SHERIFF'S OFFICE**
     **800 S.E. Monteray Road**
     **Stuart, Florida 34994**
     **772-220-7002**

REC 4-18-06 SER 4-20-06
SERVED TO: Sgt. Paul Daniel D/S
TIME: 840 /Am
FRANK LODICO, CPS 96-87
Certified in the 19th Circuit

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit:

     BARRY M. SILVER, ESQ.
whose address is:      1200 S. Rogers Circle, Suite 8
     Boca Raton, Florida 33487
     561-488-4676

within 45 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON _____4/10_____, 2006.

     MARSHA EWING
     **Clerk of the Court**
     s/s LEVI JOHNSON
     **By:**_____



NOTICE TO PERSONS WITH DISABILITIES
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Clerk of Court's Administration Division, 100 E. Ocean Blvd., Ste. 200, Stuart, FL 34994  772-288-5576 within 2 working days of your receipt of this document. If you are hearing or voice impaired call 1-800-955-8771

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA

DONNA MATVEJS and
VALERIE MATVEJS

*06 3086CA*

     Plaintiffs,                         CASE NO.:

v.

MARTIN COUNTY SHERIFF'S JUDGE ROBERT R. MAKEMSON
OFFICE, SHERIFF ROBERT L.
CROWDER, SHERIFF ANDY
SCOTT KURITZ.

     Defendants.

_____/

## COMPLAINT FOR WRONGFUL SHOOTING OF CEVICHE

1.    This is an action for damages in excess of $15,000 exclusive of costs, interest and attorney's fees.

2.    Plaintiff, DONNA MATVEJS, (hereinafter "DONNA") is, and at all times material hereto was, sui juris, and a resident of Martin County, who resides at 5851 SW Mistletoe Lane, Palm City, Florida 34990.

3.    Plaintiff, VALERIE MATVEJS, is sui juris, the daughter of Plaintiff, Donna Matvejs, and a resident of Martin County who resides with her mother in Palm City.

4.    Defendant MARTIN COUNTY SHERIFF'S OFFICE (hereinafter "SHERIFF'S OFFICE"), a public entity, is a County and political subdivision of the State of Florida, duly organized and existing under the laws of the State of Florida. It is charged with and responsible for appointment and promotion of the members of the Martin County Sheriff's Department and for the supervision, training, instruction, discipline, control, and conduct of the Martin County Sheriff's Department and its personnel. At all times relevant hereto,

SHERIFF'S OFFICE has the power, right, and duty to control the manner in which its officers carried out the objectives of their employment and to see that all orders, rules, instructions, and regulations promulgated for SHERIFF'S OFFICE were consistent with the Constitutions, statutes, ordinances, regulations, customs, policies, usage and laws of Florida and the United States.

5.     Defendant, ANDY SCOTT KURITZ (hereinafter "KURITZ") is, and at all times material hereto, was a police officer acting in the course and scope of his employment with and as the agent and servant of co-Defendant SHERIFF ROBERT L. CROWDER and Martin County Sheriff's Department (hereinafter "SHERIFF'S OFFICE") and all Defendants acted under color of law at all times material hereto.

6.     Defendant, SHERIFF ROBERT L. CROWDER, (hereinafter "CROWDER"), is, and at all times material hereto, was, the head of the SHERIFF'S OFFICE, and as such was responsible for the actions of all servants, agents, employees and sheriffs of the SHERIFF'S OFFICE, such as co-Defendant KURITZ, and was responsible for the policies, procedures, training, supervision, and discipline of the officers of SHERRIFF'S OFFICE, such as co-Defendant KURITZ, and was a resident of Martin County and sui juris.

7.     Plaintiffs have complied with Florida Statute 768.28(6)(a) by timely serving and filing notice of the claim against Defendant on or about December 3, 2002. In the alternative, Defendants have effectively been placed on notice of this claim and/or are aware of this claim and/or will have received timely notice of this claim within the appropriate times periods established by Fla. Stat. 768.28 (6)(a) prior to their response to this complaint.

8.     The incidents herein sued upon occurred on or about November 8, 2002, at the Plaintiffs' residence.

9.     At all times material hereto, Plaintiffs were the legal owners of a four year old female Catahoula champion show dog, known as "Muddy Rivers Ceviche" (hereinafter "Ceviche"), who produced many show quality puppies, and was in excellent health, weighing approximately forty pounds. Ceviche was the companion pet and an important and beloved member of Plaintiffs' family. Ceviche was the companion animal to Plaintiffs DONNA AND VELERIE and an important and beloved member of the Plaintiff's family with whom Plaintiff's shared their home, their lives, and their love. Ceviche was a sentient, loving, and friendly member of the animal kingdom who lived with Plaintiffs for almost all of her four years without ever biting or attacking anyone until her untimely death due to the actions of the Defendants.

10.    Ceviche was known and enjoyed by the Plaintiffs and was irreplaceable in like and kind. Ceviche was also the mother of ten puppies each of whom was a sentient, loving, companion to each other, to Ceviche, and to the Plaintiffs, and each of whom were dependent upon Ceviche for food, comfort, love and nurture, which could not be similarly provided by any other source.

11.    On November 8th, 2002, a health care worker employed by DONNA to take care of her mother in her absence, called the Martin County Sheriff's Department and asked for an officer to come and assist her in getting out of the gate that surrounds Plaintiffs' property.

12.    When Andy Scott KURITZ (hereinafter "KURITZ") arrived to assist the health care worker, Ceviche, who was nursing ten (10) three-day-old puppies, was peacefully located inside the gate. Ceviche posed no threat of harm to KURITZ or anyone else.

3

13.   When the officer entered the gate, he observed Ceviche on the property, and subsequently shot her twice with his service weapon, killing the dog instantly, despite the fact that Ceviche posed no harm to him and was not threatening him in any manner.

14.   Pre-deprivation remedies were available to Sheriff's Defendant KURITZ and should have been used.   There was no need for the application of deadly force because Defendant KURITZ was not under attack.   If forty (40) pound Ceviche was dangerous, then animal control should have been called and a hearing could have been held to determine whether to destroy Ceviche.   This simple procedure would have prevented the constitutional violations that occurred.

15.   When Plaintiffs' friend and neighbor, Kathy Muscarella, arrived at the scene to do a promised routine check on DONNA'S mother, property, and dog, she witnessed animal control officers and Defendant KURITZ leaving the property with Ceviche's body.

16.   When Muscarella questioned the animal control officers and Defendant KURITZ regarding the situation, neither offered any indication that Ceviche had attacked or shown any aggression toward Defendant KURITZ. Ceviche was a friendly, peaceful, loving animal who threatened no one, least of all a fully armed, healthy adult male trained police officer.

17.   The shooting of innocent, defenseless and harmless dogs by police officers is a widespread travesty of justice, throughout the State of Florida.   Police officers are entrusted by the public to protect life and property, not to destroy property and innocent lives, and therefore the Defendant CROWDER should have trained his officers to protect, rather than to destroy innocent life and property.

18.   Instead, Defendant CROWDER failed to train his officers in the use of non-lethal force in dealing with dogs that belong to the public, and had no policy or procedures in place

4

designed to prevent the type of needless destruction of life, such as was suffered by the Plaintiffs and many others when their dogs are needlessly killed by the police. To this day, even after this attack upon an innocent and harmless dog, Defendant CROWDER has done nothing to implement new policies to prevent the future killing of innocent animals who pose no threat to Defendant or his officers.

19.   As a result of the above, police officers frequently kill companion animals with impunity, because it is not economically feasible for most people to bring a case to court involving the shooting of their companion animal, and even when this occurs, the recovery is so small that the Defendant governmental entity has little or no financial incentive to change its policies in order to protect, rather than destroy life.

## COUNT I:   TRESPASS TO CHATTEL AGAINST ALL DEFENDANTS

20. Plaintiffs hereby incorporate by reference all the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21. At all times material hereto, Plaintiffs were the owners and possessors of a two year old male well-trained and obedient dog known as "Ceviche."  This dog was a good natured companion and family pet.  At the time that Defendant KURITZ killed Ceviche, this dog was the companion of the Plaintiffs and was known and enjoyed by them, and therefore, was irreplaceable in like and kind

22. On or about November 8, 2002, while Defendant KURITZ was working in the course and scope of his employment and/or agency with SHERIFF'S OFFICE, KURITZ intentionally shot and killed Plaintiffs' dog Ceviche, without provocation and without lawful authority.

23. In doing the acts herein complained of, Defendant KURITZ acted in violation of the law, the Florida Constitution, and the property rights of the Plaintiffs.

24. As a proximate result of the actions of KURITZ, Plaintiffs has been, and will continue to be, damaged as he is deprived of the possession, enjoyment and companionship of Ceviche constituting a trespass to chattel.

25. The trespass to chattel was done without legal authority, justification or excuse. There was no need for the application of force because Defendant KURITZ was not under attack. Even if some restraint for Ceviche was needed, a nightstick or mace would have sufficed. Instead, Defendant KURITZ decided to unnecessarily use lethal force against Ceviche as a first, not a last, resort. These actions were an abuse of governmental authority and/or were taken without legitimate governmental authority.

26. As a further result of the aforementioned actions, Plaintiffs have suffered extreme emotional distress due to the untimely and violent death suffered by Ceviche.

27. As a direct and proximate result of Defendants' actions, Plaintiffs have in the past suffered, and will continue to suffer damages, including but not limited to mental anguish, emotional distress, physical injury, and loss of companionship.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally for compensatory damages, together with interest, costs and attorney's fees, and any other relief the Court deems just and appropriate.

## COUNT II: CONVERSION AGAINST ALL DEFENDANTS

28. Plaintiffs hereby incorporate by reference all the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29. On or about November 8, 2002, while Defendant KURITZ was working in the course and scope of his employment and/or agency with SHERIFF'S OFFICE, KURITZ intentionally shot and killed Plaintiffs' dog Ceviche, without provocation and without lawful authority.

30. In doing the acts herein complained of, Defendant KURITZ acted in violation of the law, the Florida Constitution, and the property rights of the Plaintiffs.

31. The shooting of Ceviche and the taking of his life by the Defendants constitute a conversion of Plaintiffs' property for which the Plaintiffs is entitled to just compensation.

32. The Defendants deprived Plaintiffs of their property and unlawfully interfered with the benefits they did, and could have gained from their lawful possession and ownership of Ceviche.

33. As a direct and proximate result of Defendants' actions, Plaintiffs have in the past suffered, and will continue to suffer damages, including but not limited to mental anguish, emotional distress, physical injury, and loss of companionship.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally for compensatory damages, together with interest, costs and attorney's fees, and any other relief the Court deems just and appropriate.

## COUNT III: VIOLATION OF CIVIL RIGHTS (42U.S.C. § 1983)

34. Plaintiffs hereby incorporate by reference the allegation contained in Paragraphs 1 through 33 as if fully set forth herein.

35. Defendant KURITZ's conduct violated Plaintiffs' rights by destruction of their property and by interference with their exercise and enjoyment of rights secured by the Constitution and laws of the United States, including due process. Such actions are in

violation of 42 U.S.C. § 1983, the due process clause of the 14th amendment of the United States Constitution and the 4th amendment of the United States Constitution, the right to privacy outlined in Fla. Const. Art. I, § 2, and the right to due process in Fla. Const. Art. I, § 9.

36. Defendant, Martin County SHERIFF'S OFFICE, has a careless policy of allowing the employees of Martin County to confront canines, without any informed training, in such a way as to cause the destruction of citizen's canine pets without lawful justification

37. These policies allow, condone, ratify, and afford reckless, careless, and erroneous confrontation with domestic canines found on homeowners' properties, as well as allowing thereby incompetent, unqualified, unskilled, and inexperienced personnel to handle animals, such as canines, while on the job, so as to make mistakes or act willfully, wantonly and/or recklessly so that they cause the death of citizens' canine pets.

38. As alleged in the foregoing Paragraphs, Defendants, acting under color of statutes, ordinances, regulations, customs, policies, and usage, subjected and/or caused Plaintiffs to be subjected to a violation of those Rights, Privileges and Immunities secured by the Constitution and laws of the United States and the State of Florida.

39. Defendants subjected Plaintiffs and caused them to be subjected to a deprivation of their Rights, Privileges and Immunities provided by the Constitution and the laws of the United States and Florida by injuring, destroying and killing Plaintiffs' dog Ceviche, in violation of Due Process and the Search and Seizure laws, without notice and opportunity to be heard, and without lawful authority, in direct violation of the owners' and possessors' freedom to keep personal property without the unlawful taking of such property.

8

40. KURITZ and the Defendants, by their conduct in committing the acts and omissions complained of herein, did so maliciously, oppressively, in disregard of humanity, and in total disregard of the consequences of the aforementioned acts.

41. As a direct and proximate result of Defendants' actions, Plaintiffs have in the past suffered, and will continue to suffer damages, including but not limited to mental anguish, emotional distress, physical injury, and loss of companionship.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory damages, together with interest, costs and attorney's fees pursuant to 42 U.S.C. § 1988, and any other relief the Court deems just and appropriate.

## COUNT IV: DENIAL OF PLAINTIFFS' PROCEDURAL DUE PROCESS IN VIOLATION OF 42 U.S.C. 1983 BY ALL DEFENDANTS

42. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 though 33 as if fully set forth herein.

43. Defendants deprived Plaintiffs of their property without due process of law, thereby depriving Plaintiffs of their rights, privileges and immunities as guaranteed by the Fourteenth Amendment to the U.S. Constitution and Art. I, §§ 2 and 9 of the Florida Constitution, in violation of 42 U.S.C. 1983.

44. Plaintiffs had a strong privacy interest in their dog, Ceviche, and were entitled to ownership of him. He had been a member of the family for two years, and during this time there developed strong bonds of love, affection and attachment between Ceviche and the Plaintiffs.

45. KURITZ killed Plaintiffs' dog Ceviche, despite the fact that Ceviche was not an immediate threat to him. The procedures of the Defendants, whereby KURITZ was free to act in a high-handed, arbitrary manner when using his discretion to kill Ceviche, where no

training or inadequate training for officers dealing with dogs was provided to KURITZ and other officers of the Department, created a situation where improper destruction of Ceviche was not only possible, but inevitable.

46. Pre-deprivation remedies were available to KURITZ and should have been used. There was no need for the application of force because KURITZ was not under attack. If Ceviche was dangerous, then animal control could have been called and a hearing could have been held to determine whether to destroy the dog. This simple procedure would have prevented the constitutional violations that occurred.

47. Moreover, KURITZ had or should have had a nightstick and mace with him. Even if some restraint for Ceviche was needed, which it was not, a nightstick or mace would have sufficed. Instead, KURITZ decided to shoot and kill Ceviche. There were no exigent circumstances that vitiated the need for proper procedures, such as detaining Ceviche, or calling an animal control specialist to handle the situation. Pre-deprivation procedures were available, which due process required to be utilized. KURITZ acted with reckless and deliberate indifference when he refused to apply appropriate procedural safeguards.

48. The conduct of KURITZ was egregious, oppressive and constituted excessive and brutal use of physical force when a non-violent resolution of the situation was available through the use of proper procedures. KURITZ acted with willful, wanton and reckless disregard of, and deliberate indifference to Plaintiffs' Constitutionally guaranteed right to due process.

49. The fatal shooting of Plaintiffs' pet dog, Ceviche, was an abuse of power and authority by the Defendant and was propounded by policy-making officials and delegated to KURITZ pursuant to Martin County SHERIFF'S OFFICE policies, which granted broad

authority to affect the destruction of Plaintiffs' family pet without procedural due process safeguards.

50. The Defendants by its conduct in committing the acts and omissions complained of herein, did so maliciously, oppressively, in disregard of humanity, and in total disregard of the consequences of the aforementioned acts.

51. As a direct and proximate result of Defendants' actions, Plaintiffs have in the past suffered, and will continue to suffer damages, including but not limited to mental anguish, emotional distress, physical injury, and loss of companionship.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, and compensatory damages pursuant to 42 U.S.C. 1983, together with interest, costs and attorney's fees to the extent allowed by law (pursuant to 42 U.S.C. § 1988), and any other relief the Court deems just and appropriate.

## COUNT V: DENIAL OF PLAINTIFFS' 4TH AMENDMENT RIGHTS AGAINST UNREASONBLE SEARCH AND SEIZURE IN VIOLATION OF 42 U.S.C. 1983

52. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 though 33 as if fully set forth herein.

53. KURITZ and the Defendants abused their power and engaged in an excessive use of force in violation of the Fourth Amendment to the Constitution of the United States and Art. I, § 2 of the Florida Constitution and in violation of 42 U.S.C. 1983.

54. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated,...". Florida's Constitution provides for similar safeguards.

55. When Defendant KURITZ shot and killed Ceviche, he meaningfully interfered with Plaintiffs' possessory interest in their property.

56. Considering the totality of the circumstances, KURITZ's actions were not objectively reasonable. There was no need for the application of force because KURITZ was not under attack. Moreover, KURITZ had or should have had a nightstick and mace with him. Even if some restraint for the dog was needed, which it was not, a nightstick or mace would have sufficed. Instead, KURITZ decided to shoot and kill Ceviche.

57. Furthermore, Ceviche was safely on the Plaintiffs' property and the Plaintiffs had a legitimate expectation of privacy concerning his property interests, including Ceviche, that were within his own yard.

58. Plaintiffs and Ceviche had done nothing wrong and there was no reason for KURITZ to use the force that he did. His actions were not objectively reasonable and constituted the use of excessive force in violation of the Fourth Amendment to the Constitution of the United States and Art. I, § 2 of the Florida Constitution.

59. KURITZ and Defendants, by their conduct in committing the acts and omissions complained of herein, did so maliciously, oppressively, in disregard of humanity, and in total disregard of the consequences of the aforementioned acts.

60. As a direct and proximate result of the Defendants' actions, Plaintiffs have in the past suffered, and will continue to suffer damages, including, but not limited to mental anguish, emotional distress, physical injury, and loss of companionship.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally  for compensatory and special damages under 42 U.S.C. 1983, together with interest, costs and attorney's fees to the extent allowed by law (pursuant to 42 U.S.C. § 1988), and any other relief the Court deems just and appropriate.

## COUNT VI:   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST DEFENDANT KURITZ

61. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

62. All of the aforementioned actions by KURITZ and the Defendants were without cause, provocation, justification or reason.

63. KURITZ's actions were intentional, and outrageous, and in complete disregard for the Plaintiffs' rights. KURITZ knew or should have known that his actions would result in severe emotional distress to Plaintiffs.

64. As a direct and proximate result of Defendant's actions, Plaintiffs have in the past suffered, and will continue to suffer damages, including but not limited to mental anguish, emotional distress, physical injury, and loss of companionship.

WHEREFORE, Plaintiffs demand judgment against Defendant KURITZ for compensatory damages, together with interest, costs and attorney's fees, and any other relief the Court deems just and appropriate.

## COUNT VII: NEGLIGENCE AGAINST DEFENDANT KURITZ

65. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 though 33 as if fully set forth herein.

66. KURITZ was working in the course and scope of his employment and was in possession and control of a police firearm.

67. KURITZ had a duty to use reasonable care and skill, and skill in the maintenance, handling and use of such firearm, and in the use of any equipment that can cause injury and death, so as to not use such equipment and weapons in a manner that is an unreasonable use of force.

68. KURITZ owes a duty of care to Plaintiffs and the public to exercise that degree of care, skill, and diligence regularly exercised by members of their profession under similar circumstances, so as not to cause harm to persons or damage to their property.

69. Defendant KURITZ knew or should have known that Plaintiffs' dog, Ceviche, could have been captured without the use of force of a firearm, and that the shooting of a dog with such firearm would cause injuries to the dog and its death, as well as damages to the owners and possessors of said dog, including serious emotional distress.

70. As described above, KURITZ carelessly, recklessly, with gross negligence, in disregard of humanity and without provocation, shot Ceviche, resulting in foreseeable injuries and eventual death to Ceviche, and foreseeable damages to Plaintiffs.

71. KURITZ, acting as Defendant's duly authorized agent and/or employee, was negligent, careless and/or reckless in the following manner:

     a. Discharging a firearm in a residential neighborhood without due cause, provocation or justification;

     b. Shooting and killing Plaintiffs' dog without due cause, provocation or justification;

     c. Failing to seize or detain Plaintiffs' dog or utilize non-violent measures to otherwise retain Plaintiffs' dog or attempt to find her owners;

     d. Failing to contact Animal Care and Control if he was unable or untrained to deal with Ceviche alone without inflicting lethal force upon Ceviche.

     e. Failing to properly follow orders, rules, instructions and regulations of the Sheriff's Office, including but not limited to, those orders, rules, instructions and regulations concerning the use of force and deadly weapons;

14

f.   Failing to use due care under the circumstances;

g.   Any and all other acts or omissions constituting negligence and carelessness as may appear during the course of discovery procedures provided by the Florida Rules of Civil Procedure and/or the trial of this matter.

72. As a direct and proximate result of Defendants' actions, Plaintiffs have in the past suffered, and will continue to suffer damages, including but not limited to mental anguish, emotional distress, physical injury, and loss of companionship.

WHEREFORE, Plaintiffs demand judgment against Defendant KURITZ for compensatory damages, together with interest, costs and attorney's fees, and any other relief the Court deems just and appropriate.

## COUNT VIII:   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT KURITZ

73. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 though 33 as if fully set forth herein.

74. At all times material hereto, Defendant KURITZ had a duty to exercise due care and reasonable care toward domestic animals on Plaintiffs' property and to the owners of such animals, as the Plaintiffs, and to use due care in conducting a law enforcement investigation and capture of such animals, if and when necessary.

75. Defendant KURITZ breached this duty of care and acted in a negligent manner towards the Plaintiffs and Ceviche.

76. As a direct and proximate result of Defendants' actions, Plaintiffs have in the past suffered, and will continue to suffer damages, including but not limited to mental anguish, emotional distress, physical injury, and loss of companionship.

WHEREFORE, Plaintiffs demand judgment against Defendant KURITZ for compensatory and special damages, together with interest, costs and attorney's fees, and any other relief the Court deems just and appropriate.

## COUNT IX:  NEGLIGENT TRAINING AGAINST DEFENDANT CROWDER AND SHERIFF'S OFFICE

77. Plaintiffs repeat the allegations of paragraphs 1 through 33 as if fully stated herein.

78. Defendants CROWDER and SHERIFF'S OFFICE owed a duty to Plaintiffs, and all members of the public, in carrying out their official duties.

79. Defendants CROWDER and SHERIFF'S OFFICE breached their duty to Plaintiffs by failing to adequately train its agents and employees such as Defendants KURITZ, which resulted in the needless and unjustified shooting of Ceviche.

80. This breach of duty was the direct and proximate cause of harm to the Plaintiffs. Defendants CROWDER and SHERIFF'S OFFICE failed to train its police officers to use non-lethal force in their encounters with dogs, and this lack of training led to the unnecessary and unjustified shooting of Ceviche.  It was foreseeable to these Defendants that their police officers will come into contact with dogs which belong to the public, and that a failure to properly train its officers in the use of non-lethal force with such encounters would cause harm to the Plaintiffs and others.

81. Despite the frequent encounters between police officers and dogs belonging to the public, and the all too frequent resort to unnecessary lethal force by police officers in the State of Florida and throughout the country, Defendants CROWDER and SHERIFF'S OFFICE failed to properly train his police officers in the use of non-lethal force in dealing with dogs such as Ceviche, in order to protect life and property.

16

82. Defendants CROWDER and SHERIFF'S OFFICE had a duty to train Defendant KURITZ to use reasonable care and skill in the maintenance, handling and use of such firearm, and in the use of any equipment that can cause injury and death, so as to not use such equipment and weapons in a manner that is an unreasonable use of force.

83. Defendants CROWDER and SHERIFF'S OFFICE owed a duty of care to Plaintiffs and the public to exercise that degree of care, skill, and diligence regularly exercised by members of their profession under similar circumstances, so as not to cause harm to persons or damage to their property.

84. Defendants CROWDER and SHERIFF'S OFFICE knew or should have known that the public's dogs, specifically Plaintiffs' dog, Ceviche, can be captured without the use of deadly force, and that the shooting of a dog with such firearm would cause injuries and/or death to the dog, as well as damages to the owners and possessors of said dog, including serious emotional distress.

85. When CROWDER and SHERIFF'S OFFICE learned of the wrongful activities of their agent, Defendant KURITZ, rather than punish KURITZ or otherwise take corrective action to protect the public and the Plaintiffs, CROWDER and SHERIFF'S OFFICE whitewashed and exonerated KURITZ of all allegations of misconduct, thus vouching for his wrongful conduct.

86. Accordingly, Defendants CROWDER and SHERIFF'S OFFICE should be held accountable and liable for the negligence and the otherwise wrongful conduct of Defendant KURITZ.

87. The Plaintiffs relied upon CROWDER and SHERIFF'S OFFICE to handle the training of officers properly, and to investigate KURITZ after the unnecessary killing of Ceviche.

88. Defendants CROWDER and SHERIFF, acting by and through its duly authorized agents and/or employees, including co-Defendant KURITZ was negligent, careless and/or reckless in the following manner:

a. Failing to instruct, train, control and discipline, on a continuing basis, Defendant KURITZ and other police officers in Martin County in their duties to refrain from unlawfully and maliciously destroying the dogs of citizens in Martin County;

b. Failing to properly train the agents and/or employees of Sheriff's Office regarding restraining and capturing canines;

c. Failing to properly train the agents and/or employees of the Sheriff's Office regarding the use of firearms in a residential neighborhood;

d. Retaining Defendant KURITZ as a Sheriff and/or Police Officer on the Martin County Sheriff's Office;

e. Entrusting Defendant KURITZ with a firearm;

f. Failing to properly promulgate orders, rules, instructions and regulations of the Sheriff's Office, including but not limited to, those orders, rules, instructions and regulations concerning the use of force and deadly weapons;

g. Improperly approving the weapons to be used by members of the Sheriffs Office, including those used by Defendant KURITZ;

h. Improperly appointing and promoting the members of the Sheriffs Office, including Defendant KURITZ;

i.   Failing to properly control the manner in which the employees and/or agents of Sheriff's Office carried out the objectives of their employment;

j.   Failing to use due care under the circumstances;

k.   Failing to instruct and advise its officers, including KURITZ, that dogs such as Ceviche are sentient beings, family members, and capable of receiving and returning love and affection with humans who reside with them and others and therefore are deserving of the utmost care, concern and respect from agents, servants and employees of the Defendants, and by failing to advise officers such as KURITZ that they should do everything in their power to avoid the use of lethal force upon a dog, especially if their life and physical safety are not threatened.

89. As a direct and proximate result of the negligent training by Sheriff CROWDER and SHERIFF'S OFFICE, Plaintiffs' dog suffered fatal wounds and died.

90. As a further direct and proximate result of Defendants' actions, Plaintiffs have in the past suffered, and will continue to suffer damages, including but not limited to mental anguish, emotional distress, physical injury, and loss of companionship.

WHEREFORE, Plaintiffs demand judgment against Defendants CROWDER and SHERIFF'S OFFICE for compensatory damages, together with interest, costs and attorney's fees, and any other relief the Court deems just and appropriate.

## COUNT X:  NEGLIGENT SUPERVISION AGAINST DEFENDANTS CROWDER AND SHERIFF'S OFFICE

91. Plaintiffs repeat the allegations of paragraphs 1-33 as if fully stated herein.

92. In the alternative to Counts Six, Seven, and Eight which allege that all actions taken by Defendant KURITZ were negligently taken outside the course and scope of his

employment, Plaintiffs allege that some or all of the foregoing actions KURITZ had taken in the course and scope of his employment by Defendant CROWDER and SHERIFF'S OFFICE, and CROWDER and SHERIFF'S OFFICE acted negligently because Defendant CROWDER and SHERIFF'S OFFICE failed in its duty to adequately supervise its agents and employees such as KURITZ. This failure was the direct and proximate cause of harm to the Plaintiffs. He failed his duty to train police officers to use non-lethal force to deal with encounters with dogs. It is foreseeable that police officers will come into contact with dogs which belong to the public, and that a failure to properly supervise its officers in the use of non-lethal force with such encounters would cause harm to the Plaintiffs and others.

93. Despite the frequent encounters between police officers and dogs belonging to the public, and the all too frequent resort to unnecessary lethal force by police officers in the State of Florida and throughout the country, Defendants CROWDER and SHERIFF'S OFFICE failed to properly supervise his police officers in the use of non-lethal force in dealing with dogs such as Ceviche, in order to protect life and property.

94. Defendants CROWDER and SHERIFF'S OFFICE had a duty to supervise KURITZ and ensure he uses reasonable care and skill in the maintenance, handling and use of such firearm, and in the use of any equipment that can cause injury and death, so as to not use such equipment and weapons in a manner that is an unreasonable use of force.

95. Defendants CROWDER and SHERIFF'S OFFICE owed a duty of care to Plaintiffs and the public to exercise that degree of care, skill, and diligence regularly exercised by members of their profession under similar circumstances, so as not to cause harm to persons or damage to their property.

96. Defendants CROWDER and SHERIFF'S OFFICE knew or should have known that the public's dogs, specifically Plaintiffs' dog Ceviche, can be captured without the use of deadly force, and that the shooting of a dog with such firearm would cause injuries and/or death to the dog, as well as damages to the owners and possessors of said dog, including serious emotional distress.

97. When CROWDER and SHERIFF'S OFFICE learned of the wrongful activities of their agent, Defendant KURITZ, rather than punish KURITZ or otherwise take corrective action to protect the public and the Plaintiffs, CROWDER and SHERIFF'S OFFICE whitewashed and exonerated KURITZ of all allegations of misconduct, thus vouching for his wrongful conduct.

98. Accordingly, Defendants CROWDER and SHERIFF'S OFFICE should be held accountable and liable for the negligence and the otherwise wrongful conduct of Defendant KURITZ.

99. The Plaintiffs relied upon CROWDER and SHERIFF'S OFFICE to handle the supervision of officers properly, and to investigate KURITZ after the unnecessary killing of Ceviche.

100.      Defendants CROWDER and SHERIFF'S OFFICE, acting by and through its duly authorized agents and/or employees, including co-Defendant KURITZ was negligent, careless and/or reckless in the following manner:

        a.   Failing to instruct, supervise, control and discipline, on a continuing basis, Defendant KURITZ and other police officers in Martin County in their duties to refrain from unlawfully and maliciously destroying the dogs of citizens in Martin County;

b. Failing to properly supervise employees of the Sheriffs Office, including but not limited to Defendant KURITZ;

c. Retaining Defendant KURITZ as a Sheriff and/or Police Officer on the Martin County Sheriff's Office;

d. Failing to terminate Defendant KURITZ;

e. Entrusting Defendant KURITZ with a firearm;

f. Hiring Defendant KURITZ to the Martin County Sheriffs Department;

g. Failing to properly supervise the training, instruction, discipline, control and conduct of police officer, KURITZ;

h. Failing to properly promulgate orders, rules, instructions and regulations of the Sheriff's Office, including but not limited to, those orders, rules, instructions and regulations concerning the use of force and deadly weapons;

i. Improperly approving the weapons to be used by members of the Sheriffs Office, including those used by Defendant KURITZ;

j. Improperly appointing and promoting the members of the Sheriffs Office, including Defendant KURITZ;

k. Failing to properly control the manner in which the employees and/or agents of Sheriff's Office carried out the objectives of their employment;

l. Failing to see that all orders, rules, policies, instructions and regulations promulgated for the Sheriff's Office were consistent with the Constitution, statutes, ordinances and regulations of the State of Florida;

m. Failing to use due care under the circumstances;

22

n.   Any and all other acts or omissions constituting negligence and carelessness as may appear during the course of discovery procedures provided by the Florida Rules of Civil Procedure and/or the trial of this matter;

o.   Failing to instruct and advise its officers, including KURITZ, that dogs such as Ceviche are sentient beings, family members, and capable of receiving and returning love and affection with humans who reside with them and others and therefore are deserving of the utmost care, concern and respect from agents, servants and employees of the Defendants, and by failing to advise officers such as KURITZ that they should do everything in their power to avoid the use of lethal force upon a dog, especially if their life and physical safety are not threatened.

100. As a direct and proximate result of the negligence in supervision of Sheriff CROWDER and SHERIFF'S OFFICE, Plaintiffs' dog suffered fatal wounds and died.

101. As a further direct and proximate result of Defendants' actions, Plaintiffs have in the past suffered, and will continue to suffer damages, including but not limited to mental anguish, emotional distress, physical injury, and loss of companionship.

WHEREFORE, Plaintiffs demand judgment against Defendants CROWDER and SHERIFF'S OFFICE for compensatory damages, together with interest, costs and attorney's fees, and any other relief the Court deems just and appropriate.

## COUNT XI: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS CROWDER AND SHERIFF'S OFFICE

102. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 though 33 as if fully set forth herein.

103. At all times material hereto, Defendants CROWDER and SHERIFF'S OFFICE had a duty to train employees and agents to exercise due care and reasonable care toward domestic

animals on Plaintiffs' property and to the owners of such animals, as the Plaintiffs, and to use due care in conducting a law enforcement investigation and capture of such animals, if and when necessary.

104. Defendants CROWDER and SHERIFF'S OFFICE breached this duty of care and acted in a negligent manner towards the Plaintiffs and Ceviche.

105. As a direct and proximate result of Defendants' actions, Plaintiffs have in the past suffered, and will continue to suffer damages, including but not limited to mental anguish, emotional distress, physical injury, and loss of companionship.

WHEREFORE, Plaintiffs demand judgment against Defendants CROWDER and SHERIFF'S OFFICE for compensatory damages, together with interest, costs and attorney's fees, and any other relief the Court deems just and appropriate.

## TRIAL BY JURY

Trial by jury is hereby demanded of all issues so triable for each count of this complaint.

## VICARIOUS LIABILITY

For each and every count herein, Plaintiffs assert vicarious liability against the Defendants CROWDER and SHERIFF'S OFFICE for all actions taken by Defendant KURITZ as described herein, who undertook these actions while acting in the course and scope of his employment with the Defendant, who was carrying out the policies and procedures of Defendants CROWDER and SHERIFF'S OFFICE, who was improperly trained by Defendants, who acted with the approval and consent of the Defendants both before and after the incident described herein, and who never deviated from the established procedures or lack thereof as established and promulgated by the Defendants to its agents, officers and employees, such as Defendant KURITZ.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, together with interest, costs attorney's fees and any other relief this Honorable Court deems just and appropriate.    Trial by jury is hereby demanded for all issues so triable in each and every count of the Complaint.

Barry M. Silver, Esq.      FBN #382108
Attorney for Plaintiffs
1200 South Rogers Circle    Suite 8
Boca Raton, FL 33487
(561) 483-6900

IN THE CIRCUIT COURT OF
THE NINETEENTH JUDICIAL
CIRCUIT
IN AND FOR MARTIN COUNTY,
FLORIDA

DONNA MATVEJS and
VALERIE MATVEJS

     Plaintiffs,

v.                   CASE NO.:

MARTIN COUNTY SHERIFF'S
OFFICE, SHERIFF ROBERT L.
CROWDER, and SHERIFF
ANDY SCOTT KURITZ.

     Defendants.
_____/

## PLAINTIFFS' REQUEST FOR RESPONSE
## TO WRITTEN INTERROGATORIES

COME NOW Plaintiffs, DONNA MATVEJS and VALERIE MATVEJS, by and through their undersigned counsel respectfully requests Defendants to respond, in writing, to the following written interrogatories, and returning them within thirty (30) days to the office of the undersigned attorney, and pursuant to Fla. R. Civ. Pro. R. 1.340.

## INTERROGATORIES

1. Please identify each and every person involved in any way in the answering of these interrogatories.

2. Please identify the reason or probable cause for which the Plaintiffs' dog, Ceviche, was seized, *i.e.,* shot.

3.  Has the Officer involved received training in dealing with domesticated dogs?

4.  If your answer to interrogatory number 4 is in the affirmative, please describe the training and certification received.

5.  Are there standard operating procedures with the Martin County Sheriff's Department for dealing with domesticated animals?

6.  If your answer to interrogatory number 5 is in the affirmative, please describe the standard operating procedures.

7.  If your answer to interrogatory number 5 is in the affirmative, please describe the sanctions imposed for officers who do not properly follow department procedures.

8.  Please describe the sanctions imposed on the officer involved in the shooting of Ceviche.

9.  Are there pre-deprivation proceedings available within Martin County and known to the Sheriff's Department to handle potentially dangerous animals?

10. If your answer to interrogatory number 9 is in the affirmative, has the Officer received training in pre-deprivation procedures available when confronted with potentially dangerous animals?

11. If your answer to interrogatory number 10 is in the affirmative, please describing the training and certification received.

12. Set forth a summary for the grounds within Martin County or the Sheriff's Department for which domestic animals may be immediately shot or otherwise put down without hearings or other due process procedures.

13.   Have any members of Martin County Sheriff's Department shot and/or killed other domestic animals situated on their owner's property within the past 5 years?

14. If the answer to interrogatory number 13 is in the affirmative, please list how often, and when.

15. Has Martin County Sheriff's Department, any of its agents or employees, been involved in a lawsuit concerning the unjustified shooting and/or death of a house pet?

16. If the answer to interrogatory number 15 is in the affirmative, please list the dates and factual allegations in the suits.

17. Did the officer involved in this incident confer with or seek approval from any other officer, agent or employee of Martin County Sheriff's Department prior to shooting Ceviche?

18. Has the officer involved in this incident ever been involved in any lawsuits concerning the unjustified shooting of a person?

19. If the answer to interrogatory number 18 is in the affirmative, please list the dates, factual allegations and outcomes (if yet available) of the suits.

20. Did the officer involved in the shooting have a warrant to seize Ceviche?

21. Were the owners of Ceviche, their friends, neighbors or employees anywhere near the scene when the shooting occurred?

22. If the answer to interrogatory number 21 is in the affirmative, please describe who was nearby and where they were located.

23. Have any standard operating procedures been put into place or changed since this incident?

24. Has any training on dealing with domesticated animals been routinely made part of employee training since this incident?

25. What procedures are officers of the Palm Beach County's Sheriff's Department expected to follow before discharging a firearm?

26. Were those procedures followed in this incident?

BARRY M. SILVER, ESQUIRE
1200 South Rogers Circle , Suite 8
Boca Raton, Florida 33487
561-483-6900 – Telephone
561-488-4676 – Facsimile

By _____
    BARRY M. SILVER, ESQUIRE
    FBN: 382108

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT
MARTIN COUNTY, FLORIDA

CASE NO. 06-302-CA

DONNA MATVEJS and
VALERIE MATVEJS,

       Plaintiffs,

vs.

MARTIN COUNTY SHERIFF'S OFFICE,
SHERIFF ROBERT L. CROWDER and
SHERIFF ANDY SCOTT KURITZ

       Defendant.

_____/

## NOTICE OF APPEARANCE

    YOU ARE HEREBY NOTIFIED that the undersigned attorneys do herby enter their

appearance as attorneys of record for the Defendant DEPUTY SHERIFF ANDY SCOTT KURITZ,

in the above-styled cause, and you are hereby requested to furnish the said attorneys with copies of

all future motions, orders, etc, in this cause.

    **I HEREBY CERTIFY** that a copy of the foregoing was mailed this 10th day of May,

2006, to: BARRY M. SILVER, Esquire, Attorney for Plaintiffs, 1200 South Rogers Circle, Suite 8,

Boca Raton, Florida 33487.

                     PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
                     Attorneys for Defendant KURITZ
                     2455 East Sunrise Ave, Suite 1216
                     Fort Lauderdale, Florida 33304
                     Telephone (954) 462-3200
                     Telecopier (954) 462-3861

    BY: _____
                     SUMMER M. BARRANCO
                     Florida Bar No. 984663

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT
MARTIN COUNTY, FLORIDA

CASE NO. 06-302-CA

DONNA MATVEJS and
VALERIE MATVEJS,

        Plaintiffs,

vs.

MARTIN COUNTY SHERIFF'S OFFICE,
SHERIFF ROBERT L. CROWDER and
SHERIFF ANDY SCOTT KURITZ

        Defendant.

_____/

## DEFENDANT'S KURITZ'S UNOPPOSED
## MOTION FOR ENLARGEMENT OF TIME

The Defendant, KURITZ, through his undersigned attorneys, pursuant to Rule 1.090(b) of the Florida Rules of Civil Procedure, files this his Motion for Enlargement of Time and in support thereof would state as follows:

1. The Defendant KURITZ in the above-referenced matter was apparently served with process on or about April 20, 2006. By operation of law, the Defendant Kuritz's response to the Complaint is currently due to be filed on or about May 10, 2006.

2. The defense of this matter has only recently been assigned to undersigned counsel.

3. An enlargement of time in which to file proper written defenses is necessary so that the undersigned may review background information necessary to prepare and file same. It is anticipated that the required review can be conducted by not later than on or about May 22, 2006.

4.     The office of the undersigned has contacted counsel for the Plaintiff and he has indicated that he does not oppose the extension sought herein.

WHEREFORE, it is respectfully requested that this Honorable Court enter an Order that this Motion be granted allowing that the Defendant Kuritz's deadline for the filing of his written defenses expire not earlier than May 22, 2006.

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this ___10th___ day of May, 2006, to: BARRY M. SILVER, Esquire, Attorney for Plaintiffs, 1200 South Rogers Circle, Suite 8, Boca Raton, Florida 33487.

PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
Attorneys for Defendant KURITZ
2455 East Sunrise Ave, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861

BY: _____
        SUMMER M. BARRANCO
        Florida Bar No. 984663

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

CIV-GRAHAM

Donna Matvejs and Valerie Matvejs

06-14133

**DEFENDANTS**  MAGISTRATE JUDGE  NIGHT BOX
LYNCH          FILED

Martin County Sheriff's Offi  MAY 18 2006
Sheriff Robert L. Crowder and
Sheriff Andy Scott Kuritz   CLARENCE MADDOX
                            CLERK, USDC/SDFL/FTL

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Martin
(EXCEPT IN U.S. PLAINTIFF CASES)

2:06CV 14133 - Graham - lynch

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Martin
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Barry M. Silver, Esq.
1200 South Rogers Circle, Suite 8
Boca Raton, FL 33487

ATTORNEYS (IF KNOWN)

Summer M. Barranco, Esq.
2455 East Sunrise Blvd, Suite 1216
Fort Lauderdale, FL 33304

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, (MARTIN) ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Section 1983
Deprivation of Property/Due Process

**IVa.** 3-4 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

| A  CONTACT | A  TORTS | B  FORFEITURE PENALTY | A  BANKRUPTCY | A  OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A  PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **B  SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits  B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending  B | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A  LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A  REAL PROPERTY** | **A  CIVIL RIGHTS** | **B  PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **A  FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure  B | ☐ 442 Employment | **Habeas Corpus** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B * | | | * A or B * |

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

- ☐ 1. Original Proceeding
- ☒ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A  ☐ CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $15,000+

Check YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  5/19/06

SIGNATURE OF ATTORNEY OF RECORD
_____  FBN 984663

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 537159   Amount: 350

Date Paid: _____  M/ifp: _____