UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-14133-CIV-MIDDLEBROOKS/LYNCH

DONNA MATVEJS and
VALERIE MATVEJS,

 Plaintiffs,

vs.

MARTIN COUNTY SHERIFF'S
OFFICE, SHERIFF ROBERT L.
CROWDER, SHERIFF ANDY
SCOTT KURITZ,

 Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Andy Scott Kuritz's Motion to Dismiss the Complaint (D.E. 2) and Defendants' Martin County Sheriff's Office and Sheriff Robert L. Crowder's Motion to Dismiss (D.E. 3).

THE COURT has considered the Motions and the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. BACKGROUND

This case arises from the alleged wrongful shooting of Plaintiffs' dog, Muddy Rivers Ceviche ("Ceviche"), by Sheriff Andy Scott Kuritz ("Kuritz"). Plaintiffs have filed an eleven count complaint, alleging claims against Kuritz and vicarious liability claims against the Martin County Sheriff's Office (the "Sheriff's Office") and Sheriff Robert L. Crowder ("Sheriff Crowder").

Specifically, Plaintiffs allege the following: (1) trespass to chattel against all defendants; (2) conversion against all defendants; (3) violation of civil rights pursuant to 42 U.S.C. §1983, against all defendants; (4) denial of Plaintiffs' procedural due process in violation of 42 U.S.C. §1983, against all defendants; (5) denial of Plaintiffs' Fourth Amendment rights against unreasonable search and seizure in violation of 42 U.S.C. §1983, against all defendants; (6) intentional infliction of emotional distress against defendant Kuritz; (7) negligence against defendant Kuritz; (8) negligent infliction of emotional distress against defendant Kuritz; (9) negligent training against defendants Crowder and the Sheriff's Office; (10) negligent supervision against defendants Crowder and the Sheriff's Office; and (11) negligent infliction of emotional distress against defendants Crowder and the Sheriff's Office.

According to the Complaint, on November 8, 2002, a health care worker employed by Plaintiffs called the Sheriff's Office to request assistance in getting out of the gate surrounding Plaintiffs' property. Defendant Kuritz arrived at the scene. When Kuritz arrived, Plaintiff's four year old female Catahoula champion show dog, Ceviche was nursing ten (10) three-day-old puppies inside the gate on Plaintiff's' property. Ceviche allegedly posed no threat of harm to Kuritz or anyone else.

Plaintiffs allege that when Kuritz entered the gate, he observed Ceviche on the property and shot her twice with his service weapon, killing the dog instantly, despite the fact that Ceviche posed no harm and was not threatening Kuritz in any manner. There was allegedly no need for the use of deadly force. Plaintiffs contend that if Kuritz felt threatened he could have called Animal Control and a hearing could have been held to determine whether to destroy the dog.

According to the Complaint, Kuritz undertook the wrongful actions associated with shooting Ceviche while acting in the course and scope of his employment with the Sheriff's Office. Sheriff Crowder was allegedly the head of the Sheriff's Office, and as such was responsible for the actions of all servants, agents, employees, and sheriffs of the Sheriff's Office, including Kuritz. According to the Complaint, Sheriff Crowder was responsible for the policies, procedures, training, supervision, and discipline of the officers of the Sheriff's Office.

Plaintiffs allege that Kuritz was carrying out the policies and procedures of the Sheriff's Office and Sheriff Crowder. Plaintiffs also allege that Kuritz was improperly trained by the Sheriff's Office and Sheriff Crowder. Sheriff Crowder allegedly failed to train his officers in the use of non-lethal force in dealing with dogs that belong to the public and had no policies in place to prevent such occurrences. Sheriff Crowder has allegedly done nothing since this incident to implement new policies to prevent the killing of innocent animals. According to the Complaint, Kuritz acted with the approval and consent of the Sheriff's Office and Sheriff Crowder, both before and after the shooting.

Defendant Kuritz, the Sheriff's Office and Sheriff Crowder move to dismiss the Complaint on the following grounds: (1) the instant lawsuit is properly dismissed with prejudice pursuant to the "two dismissal rule;" and (2) the Complaint is subject to dismissal for failure to state a claim. The Court will consider these arguments in turn.

## II. STANDARD OF REVIEW

A complaint should not be dismissed "for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957); *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103,

104 (11th Cir. 1982). In deciding a motion to dismiss, a court can only examine the four corners of the complaint. *See Crowell v. Morgan Stanley Dean Witter Services, Co., Inc.*, 87 F.Supp.2d 1287 (S.D.Fla. 2000). Additionally, a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). The threshold of sufficiency that a complaint must meet is exceedingly low. *Ancata v. Prison Health Servs. Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994).

### III. DISCUSSION

#### A. The Two Dismissal Rule

The Court turns first to Defendants' argument that this case should be dismissed pursuant to the so-called "two dismissal rule," as set forth in Rule 41(a)(1) of the Federal Rules of Civil Procedure. Rule 41(a)(1) provides as follows:

> **(a) Voluntary Dismissal: Effect Thereof.**
>
> **(1) By Plaintiff; by Stipulation.** Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. <u>Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.</u>

Fed.R.Civ.P. 41(a)(1) (emphasis added).

4

In their Responses, Defendants claim that the "two dismissal rule" applies here because Plaintiffs voluntarily dismissed two prior cases concerning the same alleged misconduct at issue here. According to the Responses, in one of these prior cases, the complaint was amended to name the Sheriff's Office, Sheriff Crowder and Kuritz as defendants. Plaintiff voluntarily dismissed that case before these parties were served with a copy of the summons and complaint.

Plaintiffs respond by arguing that the "two dismissal rule" does not apply because the prior two lawsuits did not involve the same defendants. Specifically, the first lawsuit was allegedly against Martin County, Florida, and not the defendants in the instant case. In support of this argument, Plaintiffs cite *Frengut v. Vanderpol*, 927 So.2d 148 (Fla. 4th DCA 2006), in which the Court held that "the two dismissal rule applies only to dismissal of an entire action or controversy as to all defendants, it does not apply to a dismissal of any claim or cause of action against one or more, but less than all, of the defendants named in the complaint." *Id*. (interpreting Florida Rule of Civil Procedure 1.420(a)(1), the corollary to Rule 41(a)(1) of the Federal Rules of Civil Procedure). According to Plaintiffs, the Defendants in the instant case were not defendants in both prior cases. In addition, Plaintiffs argue that the two dismissal rule does not apply because the claims in the instant case differ from those in the prior lawsuits.

The Court does not need to reach Plaintiff's second argument, because the fact that the current Defendants were not parties to both of the first two lawsuits makes the "two dismissal rule" inapplicable here. The Eleventh Circuit has held that "[T]he primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading." *Cunningham v. Whitener*, 182 Fed. Appx. 966, 969-970 (11th Cir. 2006). As the Defendants herein were not parties to both previous lawsuits, and

thus had no occasion to file responsive pleadings, this Court would not serve the purpose of the "two dismissal rule" by applying it to the present case.

### B. STATE CLAIMS - QUALIFIED IMMUNITY

Defendant Kuritz[1] argues that he is immune from the state law claims under Section 768.28(9)(a) of the Florida Statutes. Section 768.28(9)(a) provides as follows:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.... The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, <u>unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property</u>. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

§ 768.28, Fla. Stat. (2004).

---

[1] The discussion in this Order addresses the complaint against Deputy Kuritz in his individual capacity. A claim against Deputy Kuritz in his official capacity would in reality be a claim against the Sheriff's Office. *See Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir. 1995). ("where a plaintiff brings an action against a public official in his official capacity, the suit is against the office that official represents, and not the official himself.").

Thus, under Section 768.28, an action against the State of Florida is the exclusive remedy when the injury is allegedly caused by a state employee, except when the employee acts outside the course and scope of employment or otherwise acts in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety or property of others. Pulling from the allegations in the operative complaint the pertinent facts against Kuritz and assuming them to be true, the following account emerges: On or about November 8, 2002, while Kuritz was working in the course and scope of his employment with the Sheriff's Office, Kuritz intentionally shot and killed Plaintiffs' dog, Ceviche, without provocation and without lawful authority, while the dog was nursing her puppies. These facts, viewed in the light most favorable to Plaintiffs, are sufficient for stating a claim against Kuritz in his individual capacity. The same is true for Defendant Crowder as his conduct, taken solely from Plaintiffs' facts as alleged in the complaint, could constitute "wanton and willful disregard" of property.

Obviously, much more than mere allegations demonstrating that Defendants acted with malicious intent or in wanton or willful disregard of Plaintiffs' rights is needed for liability to be imposed on Defendants. However, the sufficiency of the evidence to support Plaintiffs' claims is an issue that goes beyond the four corners of the complaint.

### C. Failure To State A Claim

#### 1. Count One - Trespass to Chattel

In Count I, Plaintiffs attempt to bring a claim against Defendants for Trespass to Chattel. Trespass to personal property is the intentional use of, or interference with, a chattel which is in the possession of another, without justification. *Coddington v. Staab*, 716 So.2d 622 (Fla. 2004). Defendants rely upon the case *Star Fruit Co. v. Eagle Lake Growers, Inc.*, 33 So.2d 858 (Fla. 1948),

to argue that where, as here, it is alleged that Plaintiffs' dog was destroyed, the appropriate claim for relief is one of conversion.

The Star Fruit case appears inapposite to the present case. In the Star Fruit case, the plaintiff sued for the alleged conversion of 721 boxes of tangerines. The lower court entered a judgment against appellant in the amount of $2,1643.75, and defendant appealed. The appellate court held that there was no evidence concerning value introduced at trial, and therefore reversed for a new trial. Defendants fail to explain the significance of the Star Fruit case, or to present any relevant legal authority in support of their argument. Therefore, Defendants' motion to dismiss this count is denied.

### 2. Count VI - Intentional Infliction of Emotional Distress

Defendant Kuritz argues that "as a matter of law, the conduct of the Defendant Kuritz as alleged in the Complaint was not so outrageous in character or so extreme in degree as to go beyond all bounds of decency." This is clearly an issue that cannot be resolved at the motion to dismiss stage. The Court must accept all of Plaintiff's well-pled allegations as true. While evidence may come out that shows Kuritz's behavior did not rise to the requisite level of depravity, the Court cannot dismiss this count through a motion to dismiss.

### D. Federal Claims - Counts III, IV & V

**QUALIFIED IMMUNITY**

It is not clear from the face of the Plaintiff's complaint whether their claims alleging civil rights violations are against the Defendants in their individual or official capacities. As this fact

drastically affects the legal analysis of the claims, Counts III, IV, and V are dismissed with leave to amend.

### E. Negligence Claim Against Defendant Kuritz

The Court cannot dismiss this claim in a motion to dismiss for the same reasons that Plaintiffs' intentional infliction of emotional distress must stand.

### F. Negligent Infliction of Emotional Distress Against Defendants Kuritz, Crowder, and Sheriff's Office (Counts 8 and 11)

Counts 8 and 11 are dismissed, as Plaintiffs did not allege any physical impact or specific physical injury in their complaint. "A discernible and demonstrable physical injury must flow from the accident before a cause of action exists (for negligent infliction of emotional distress)." *Brown v. Cadillac Motor Car Div.*, 468 So. 2d 903, 904 (Fla. 1985).

### G. Negligent Training and Supervision against Defendants Crowder and Sheriff's Office (Counts 9 and 10)

Claims 9 and 10 fail because Crowder and the Sheriff's Office are immune from suit under the principle of sovereign immunity. While Florida has waived sovereign immunity in many circumstances, courts have held that

> When a state or its subsidiary is sued in negligence, a court should first determine whether the circumstances alleged would subject a private person to liability under Florida law. If a court is satisfied that a duty of care is owed to the plaintiff, the court must still determine whether the challenged actions are nonetheless acts which required the exercise of basic

> governmental discretion, as opposed to the implementation of an already established policy. Accordingly, even if a plaintiff has adequately alleged all of the elements of a negligence claim, including the breach of a common law duty, immunity would still bar the claim if the challenged act were deemed to be governmentally "discretionary" in nature, and not merely "operational."

*Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001).

The Eleventh Circuit has held that "A city's decision regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning." *Id.* at 1267. Therefore, Crowder and the Sheriff's Office training decisions, and the supervision inherent in implementing these training programs, are discretionary functions that are immune from suit.

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (DE 2 and 3) is Granted in Part and Denied in Part. Counts 3, 4, and 5 are dismissed with leave to amend. Plaintiffs must file an amended complaint within ten (10) days of the entry of this Order. Counts 8, 9, 10, and 11 are DISMISSED in their entirety with prejudice.

DONE AND ORDERED in Chambers at West Palm Beach, FL, this 19th day of December 2006.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to counsel of record